In the Matter of the Application of 1525 Myrtle Avenue Realty Co., Inc., Appellant, v. Harris H. Murdock and Others, Constituting the Board of Standards and Appeals of the City of New York, Respondents.— Order dismissing a certiorari order and affirming the determination of the board of standards and appeals in denying the petitioner's application for permission to extend into a business district the operation of its gasoline station, located in an unrestricted district, reversed on the law and the facts, with costs, certiorari order sustained, determination annulled, and it is directed that a permit issue for the extension of the gasoline station pursuant to the application. In our opinion, the superintendent of buildings was without power to require the appellant to construct the wall in question on its property on the dividing line between the business and the unrestricted district, and the appellant was within its rights in removing it without the superintendent's permission. We further think that the respondents should have granted the appellant's application to extend the use of the gasoline station into the portion of its property located in the business district for the reason that a practical difficulty existed in the inconvenience to cars entering and leaving the station, and thus deprived appellant of the full use of its property. The portion of appellant's property located in the business district is now used for greasing cars in connection with the gasoline station in the unrestricted district, which use

is permitted by the building zone resolution. No prejudice could result to neighboring property by the extension. A large number of consents of property owners in the neighborhood to the extension were obtained and submitted to the respondents, and but one, the owner of a competing gasoline station, objected. We, therefore, hold that the determination of the board of standards and appeals was arbitrary and unreasonable and seems to have resulted from a purpose to penalize the appellant for removing the wall in question contrary to the decision of the superintendent of buildings. Lazansky, P. J., Young, Carswell, Tompkins and Johnston, JJ., concur.